IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BLINDA DIXSON                                                                                    PLAINTIFF

vs.                                         Civil No. 6:13-cv-06046

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Blinda Dixson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed her disability applications on August 5, 2010.  (Tr. 9, 178-185). In these applications, Plaintiff alleges being disabled due to diabetes, anemia, spondylolisthesis at L5, bilateral neural foraminal narrowing at C6-C7, obesity, and high blood pressure.  (Tr. 201). Plaintiff alleges an onset date of December 31, 2008.  (Tr. 9, 178-189).   These applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Case 6:13-cv-06046-BAB   Document 13   Filed 07/17/14   Page 2 of 10 PageID #: 61

denied initially and again upon reconsideration. (Tr. 74-77).

Thereafter, Plaintiff requested an administrative hearing on January 20, 2011, and this hearing request was granted. (Tr. 92, 104-109). Plaintiff's administrative hearing was held on March 8, 2012 in Hot Springs, Arkansas. (Tr. 24-49). Plaintiff was present at this hearing and was represented by counsel, Shannon Herald. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* At this hearing, Plaintiff testified she was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 26). Plaintiff also testified she had graduated from high school but had no additional training after high school. (Tr. 26-27).

After the hearing, on May 31, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 6-19). In this decision, the ALJ found Plaintiff met the insured status requirements of Act through December 31, 2013. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2008, her alleged onset date. (Tr. 11, Finding 2). The ALJ found Plaintiff had the following severe impairments: diabetes mellitus, hip pain, headaches, back pain, and neck pain. (Tr. 11-12, Finding 3). Despite the severity of these impairments, however, the ALJ also determined they did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work: "After careful consideration of the entire record, the

undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." *Id.* According to those provisions, "sedentary work" is defined as follows:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met

20 C.F.R. § 404.1567(a); 20 C.F.R. § 416.967(a).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform her PRW as a deli worker and fast food worker. (Tr. 18, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform occupations such as the following: (1) an order clerk in the food and beverage industry with 3,600 such jobs in Arkansas, 18,000 such jobs in the region, and 360,000 such jobs in the nation; and (2) assembler, small parts mounter with 1,500 such jobs in Arkansas, 6,000 such jobs in the region, and 210,000 such jobs in the nation. (Tr. 19). Because she retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 31, 2008 through the date of his decision or through May 31, 2012. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On March 23, 2013, the Appeals Council denied this request for review. (Tr. 1-3).

3

On May 2, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 2, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ erred when he found her impairments did not meet the requirements of Listing 1.02; (B) the ALJ erred in assessing her disabling pain; and (C) the ALJ erred in assessing her obesity. ECF No. 1. The Court will address the three arguments Plaintiff has raised.

### A. Listing 1.02

Plaintiff claims the ALJ erred by failing to find her impairments satisfy the requirements of Listing 1.02. ECF No. 11 at 9-10. Plaintiff claims the ALJ did not even consider this issue at Step Three of the Analysis. *Id.* Specifically, Plaintiff claims the ALJ "stopped his analysis at Step Two." *Id.* Plaintiff also claims the "Administrative Law Judge never assessed these Listings." *Id.* Plaintiff is simply incorrect. As noted above, the ALJ did proceed to Step Three in the Analysis and did not stop at Step Two. *See* Tr. 12, Finding 4. Thus, Plaintiff's claim that the ALJ did not proceed to Step Three of the Analysis is simply incorrect.

Further, even considering Listing 1.02, the Court finds Plaintiff's impairments do not meet the requirements of Listing 1.02. Indeed, in her briefing, Plaintiff indicates that her impairments–including her obesity–meet the requirements of Listing 1.02. ECF No. 11 at 9-10. Listing 1.02, however, requires a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." Plaintiff has not argued or even attempted to demonstrate she suffers from a "gross anatomical deformity." Accordingly, Plaintiff has not met her burden of establishing her impairments meet the requirements of Listing 1.02. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (holding "[t]he burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing").

### B. ALJ's Evaluation of Plaintiff's Pain

Plaintiff claims the ALJ erred in evaluating her subjective complaints of disabling pain. ECF No. 11 at 10-12. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. §

404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 12-18). Indeed, the ALJ outlined the *Polaski* factors and noted several inconsistencies: (1) she is able to get "her children up in the morning, ready for school" and drive them to school; (2) she is able to read and watch television; (3) she "cooks on a daily basis, washes dishes, vacuums and does laundry"; (4) she reports she needs "no reminders to care for her personal needs or take medication"; (5) she prepares meals daily, washes dishes, vacuums and does laundry; (6) she "drives a vehicle, can go out along [alone], shop for groceries and can handle money and finances"; and (7) she "has not sought out or had aggressive medical treatment or surgical intervention for disabling pain; or has she sought out emergency (or other) treatment at a frequency commensurate with the amount of severe pain alleged." (Tr. 17).

Because the ALJ considered the *Polaski* factors and then provided these valid reasons for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding where the ALJ explicitly discredits a claimant and gives good reasons for doing so, the court normally defers to the ALJ's credibility findings). *See also Goff v. Barnhart,* 421 F.3d 785, 791 (8th Cir. 2005) (recognizing the ALJ need not explicitly discuss every *Polaski* factor in his or her opinion prior to discounting a clamant's subjective complaints).

### C. Assessment of Plaintiff's Obesity

Plaintiff raises a number of issues with her third argument. ECF No.11 at 13-16. In her briefing under this argument header, Plaintiff primarily attacks the ALJ's findings regarding her obesity. *Id.* The Court will separately address each of the issues she raises.

First, Plaintiff appears to argue the ALJ erred by applying the Medical-Vocational Guidelines or "The Grids." ECF No. 11 at 13. Of course, this claim is incorrect because the ALJ did not apply the Grids. Instead, the ALJ considered and relied upon the testimony of a VE. *See* Tr. 43-49. Thus, there is no merit to this argument.

Second, Plaintiff appears to argue the ALJ erred because he did not include her obesity in his hypothetical to the VE. ECF No. 11 at 15-16. This is also incorrect. In the ALJ's hypothetical to the VE, the ALJ included "obesity and mild to moderate pain." *See* Tr. 43-49. Thus, Plaintiff is also incorrect in this argument, and the ALJ did include Plaintiff's obesity in his hypothetical to the VE.

Third, Plaintiff claims her obesity, in combination with her other impairments, meets the requirements of a Listing. ECF No. 11 at 15. In making this argument, Plaintiff acknowledges obesity alone is no longer a separate Listing. *Id.* Instead, Plaintiff argues her obesity should be considered in combination with her other impairments. *Id.* When considering her other impairments in combination with her obesity, Plaintiff claims they do meet the requirements of one of the Listings. *Id.*

However, in claiming her impairments meet the requirements of a Listing, Plaintiff does not specify *which* Listing her impairments meet. ECF No. 11 at 15. As noted above, Plaintiff has not demonstrated her impairments meet the requirements of Listing 1.02. Plaintiff has provided no other Listing that her obesity, in combination with her other impairments, meets. ECF No. 11 at 15. Thus, because Plaintiff provides nothing more than her bare claim on this issue–without argument or briefing–this Court will not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting an appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings, where appellant provided no analysis of relevant law or

facts).

Fourth and finally, Plaintiff argues the ALJ erred because he failed to include a "sit/stand" option in his RFC assessment. ECF No. 11 at 15-16. Plaintiff claims that because she suffers from obesity, she requires a "sit/stand option." *Id.* Plaintiff, however, provides no support for this claim. *Id.* The mere fact Plaintiff is obese does necessarily establish that she needs a "sit/stand" option and is unable to perform the full range of sedentary work. Thus, the Court also dismisses this claim.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of July 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE